IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 05 C 3859 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| STATE OF ILLINOIS DEPARTMENT OF HUMAN SERVICES, RONNIE BARCLAY, and MARJORIE OLSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Francine Anderson sues the Illinois Department of Human Services ("IDHS"), Ronnie Barclay, and Marjorie Olson (collectively "defendants") pursuant to Title VII of the Civil Rights Act and 42 U.S.C. § 1983, alleging racial and religious discrimination as well as retaliation. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss some of Anderson's claims on four grounds: (1) IDHS, as a state agency, and Barclay and Olson in their official capacities are immune from Anderson's claims under the Eleventh Amendment of the United States Constitution; (2) Barclay and Olson in their individual capacities cannot be sued as "employers" under Title VII; (3) 42 U.S.C. § 1981a(b)(1) bars Anderson's claim for punitive damages under Title VII; and (4) the 300-day limitation period bars Anderson's Title VII claims that are based on allegations occurring more than 300 days prior to her July 8, 2004 charge with the Equal Employment Opportunity Commission ("the EEOC").[1] Based on reasons set forth below, the court grants defendants' motion.

---

[1] Defendants have answered the remaining claims.

## BACKGROUND

For purpose of this motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in Anderson's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The following statement of facts is derived from the complaint.

Anderson started working at IDHS in September 1985. Since August 1999, she worked as a rehabilitation services advisor under the supervision of Barclay, who reported to Olson. She claims that starting as early as 1999, Barclay and Olson subjected her to, among other things, biased performance reviews, degrading remarks, harassment, and unfair disciplinary measures. She also alleges particular incidents where defendants reduced her pay without justification and refused to pay some of her overtime and vacation. Furthermore, she claims that defendants wrongly denied her opportunities for promotion and training.

Anderson took some steps to address her grievances. She filed two complaints with IDHS, one in 2001 and another in 2004. Sometime in 2001, she also filed a charge with the EEOC, but after receiving the EEOC's right-to-sue letter, she failed to pursue legal action. On July 8, 2004, she filed another charge with the EEOC and subsequently received a right-to-sue letter dated March 24, 2005. The present case followed. She seeks injunctive relief, as well as compensatory and punitive damages, under both Title VII and § 1983.

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). Therefore, the court accepts as true all

well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *See id.* at 1520-21. The court will dismiss a claim only if "it appears beyond doubt that [the plaintiff] . . . can prove no set of facts in support of his claim which would entitle him to relief." *Colfax Corp. v. Ill. State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When ruling on a motion to dismiss, the court considers only the allegations in the complaint and its exhibits. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

The court has an obligation to give *pro se* litigants fair and meaningful consideration. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989). *Pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Accordingly, the allegations in Anderson's complaint and the exhibits are liberally construed. *Id.*

I. **Title VII and § 1983 Claims Against IDHS and Barclay and Olson in Their Official Capacities**

Defendants argue that Anderson's Title VII and § 1983 claims against IDHS are barred by the Eleventh Amendment. The court agrees. Eleventh Amendment issues may arise whenever a private party files a federal lawsuit against a state, a state agency, or a state official. IDHS, as a state agency, is treated the same as if the state itself is sued. *See Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir.1991) (the Eleventh Amendment shields state agencies from § 1983 claims). Based on *Kroll*, Anderson's Title VII and § 1983 claims against IDHS are dismissed.

Defendants move to dismiss Anderson's claims against Barclay and Olson on Eleventh Amendment grounds. "[T]he Eleventh Amendment . . . bars federal jurisdiction over suits against

3

state officials acting in their official capacities when the state is the real party in interest." *Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005) (quoting *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 336-37 (7th Cir. 2000)). But the Eleventh Amendment immunity for Barclay and Olson is not absolute. *See id.* 917-18. "[U]nder the longstanding doctrine of *Ex Parte Young*, a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Id.* (quoting *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999)). Accordingly, Anderson's claims against Barclay and Olson in their official capacities are dismissed, but only to the extent that she seeks monetary damages.

## II. Title VII Claims Against Barclay and Olson in Their Individual Capacities

Defendants argue that Anderson may not maintain Title VII claims against Barclay and Olson in their individual capacities because they are not employers within the meaning of the statute. The court agrees.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). This definition reflects a statutory expression of traditional principles of *respondeat superior* liability. *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995). Title VII does not subject an employer's supervisors or managers to personal liability. *Id.*; *see also Robinson v. Sappington*, 351 F.3d 317, 332 n.9 (7th Cir. 2003). Individuals may not be personally liable under Title VII unless they independently meet the statutory definition of an employer. *See EEOC v. AIC Sec. Investigations Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995). Anderson does not specify whether she sues Barclay and Olson in their individual capacities, nor does her complaint allege that they satisfy the statutory definition of an

employer. To the extent that Anderson seeks to hold Barclay and Olson personally liable under Title VII, these claims must be dismissed.

### III. Punitive Damages for Title VII Claims Against IDHS

Defendants argue that IDHS is exempt from punitive damages under Title VII. As stated above, Anderson's Title VII claims against IDHS must be dismissed. Therefore, the court need not address defendants' arguments on punitive damages.

### IV. Title VII Claims Barred by the 300-Day Limitation Period

Defendants correctly state that a charge of discrimination must be filed within 300 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e). "Failure to timely file the charge with the EEOC bars any subsequent civil rights suit in the courts." *Snider v. Belvidere Township*, 216 F.3d 616, 618 (7th Cir. 2000) (citing *Terry v. Bridgeport Brass Co.*, 519 F.2d 806, 808 (7th Cir.1975)).

Anderson's Title VII claims are based on her 2004 EEOC charge. The court notes that paragraph 7.1 of her complaint alleges that she filed her EEOC charge on June 1, 2004. The copy of her EEOC charge attached to the complaint, however, is dated July 8, 2004. When attached exhibits conflict with the allegations in the complaint, the exhibits control. *Centers*, 398 F.3d at 933 (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)). Accordingly, Anderson's EEOC charge date is July 8, 2004. Therefore, under § 2000e-5(e), Anderson's Title VII claims must be dismissed to the extent that they are based on events taking place more than 300 days prior to July 8, 2004.

## CONCLUSION

Anderson's Title VII and § 1983 claims against IDHS are dismissed with prejudice. Her Title VII and § 1983 claims for monetary damages against Barclay and Olson in their official capacities are dismissed with prejudice. Her Title VII claims against Barclay and Olson in their individual capacities are dismissed with prejudice. To the extent that she asserts Title VII claims for injunctive relief against Barclay and Olson in their official capacities, her claims that are based on events occurring more than 300 days prior to July 8, 2004 are dismissed with prejudice.

Accordingly, Anderson retains her § 1983 claims for injunctive relief against Barclay and Olson in their official capacities. She retains her Title VII claims for injunctive relief against Barclay and Olson in their official capacities to the extent the claims are based on events occurring within 300 days prior to July 8, 2004. And she retains her § 1983 claims against Barclay and Olson in their individual capacities.

ENTER:

Suzanne B. Conlon
United States District Judge

October 5, 2005